IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVIN DEWEY CAMPBELL, | ) | 8:10CV129 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ISSUEWOOD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Marvin Dewey Campbell's ("Campbell") Motion to Compel Discovery (filing no. 27), Motion for Leave to File an Amended Complaint (filing no. 31), and Motion for Temporary Restraining Order (filing no. 32).

## *I. BACKGROUND*

Campbell filed his Complaint in this matter on April 8, 2010, against nine employees of the Nebraska State Penitentiary. (Filing No. 1.) The court conducted an initial review of Campbell's Complaint on May 26, 2010, in which the court determined that only Campbell's Eighth Amendment claims for injunctive relief against Defendants DayHarst, Issuewood, Miner, and Smith could proceed to service. (Filing No. 9 at CM/ECF p. 6.) This matter proceeded to service as to these Defendants and, after two extensions of time (*see* Text Entry dated July 12, 2010, and Filing No. 25), the court entered a Progression Order on September 1, 2010, requiring the parties to serve all interrogatories, requests for admission, and requests for production or inspection of documents by October 12, 2010, and file all motions to compel discovery by October 12, 2010. (Filing No. 25 at CM/ECF pp. 1-2.) Thereafter, Campbell filed the Motions at issue here.

## II. MOTION TO COMPEL DISCOVERY

Campbell filed a Motion to Compel Discovery on October 18, 2010. (Filing No. 27.) Defendants filed an Objection to Campbell's Motion arguing, among other things, that Campbell's Motion to Compel was not timely filed, and also that Campbell failed to comply with the requirements set forth in NECivR 7.0.1(i). (Filing No. 29 at CM/ECF p. 1.) The court agrees.

NECivR 7.0.1(i) provides that:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons.

NECivR 7.0.1(i). In Campbell's Motion to Compel Discovery (filing no. 27), Campbell does not show that he complied with any of the Rule 7.0.1(i) requirements. Further, Campbell's Motion was not timely filed, as the court's Progression Order required that all motions to compel discovery be filed by October 12, 2010 (filing no. 25 at CM/ECF p. 1), and Campbell filed his Motion on October 18, 2010 (filing no. 27). Accordingly, Campbell's Motion to Compel Discovery (filing no. 27) is denied, and Defendants' Objection to Campbell's Motion (filing no. 29) is granted to the extent it is consistent with this Memorandum and Order.

## III. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Campbell filed a Motion for Leave to File an Amended Complaint on November 1, 2010. (Filing No. 31.) Campbell seeks leave to amend his Complaint to sue the four remaining Defendants in their individual capacities, as well as their

official capacities. (*Id.* at CM/ECF p. 1.) Defendants did not oppose the Motion, and the time in which to do so has passed.

Federal Rule of Civil Procedure 15(a) provides "[t]he court should freely give leave [to amend] when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (192), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason–such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Id.*

Here, Defendants did not object to Campbell's Motion. Further, the court notes that Defendants answered Campbell's Complaint in their individual capacities. (*See* Filing No. 18 at CM/ECF pp. 1-2.) The court has carefully reviewed the record in this matter and finds that amendment would not be futile and is not made in bad faith. Accordingly, the court will grant Campbell's Motion to Amend Complaint. (Filing No. 31.) However, in accordance with NECivR 15.1(b), the court will consider Campbell's Motion to Amend as supplemental to, rather than superseding, the original Complaint. That is, this matter will proceed against the four remaining Defendants in their individual and official capacities, and Campbell does not need to file a separate amended complaint.

3

### IV. MOTION FOR TEMPORARY RESTRAINING ORDER

Campbell filed a Motion for Temporary Restraining Order on November 4, 2010. (Filing No. 32.) The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Campbell's Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Campbell to a degree sufficient to warrant issuance of preliminary injunctive relief. Campbell's Motion for Temporary Restraining Order and Affidavit in support do not set forth any argument or evidence showing a threat of irreparable harm to Campbell, or any probability that he will succeed on the merits of the Complaint. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that:

1. Campbell's Motion to Compel Discovery (filing no. 27) is denied.

    2.    Defendants' Objection to Motion to Compel Discovery (filing no. 29) is granted to the extent it is consistent with this Memorandum and Order.

    3.    Campbell's Motion for Leave to Amend Complaint (filing no. 31) is granted to the extent it is consistent with this Memorandum and Order.

    4.    Campbell's Motion for Temporary Restraining Order (filing no. 32) is denied without prejudice to reassertion.

    DATED this 18th day of November, 2010.

                             BY THE COURT:

                             *Richard G. Kopf*
                             United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.